UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**  :  No. 3:21-CR-10
                            :

         v.             :  (Judge Mariani)

                            :

**CHRISTOPHER CAPOZZA**  :  (electronically filed)
             Defendant  :

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Guilty plea</u>. The defendant agrees to plead guilty to Counts 1 and 10 of the Superseding Indictment, which charge the defendant with violations of Title 18, United States Code, §2422(b), Enticement of a Minor, and Title 18, United States Code, §2251(a), Production of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct. The maximum penalty for Count 1 is life imprisonment, a fine of $250,000, a maximum

term of supervised release for life, which shall be served at the

conclusion of, and in addition to, any term of imprisonment, as

well as the costs of prosecution, imprisonment, probation, or

supervised release ordered, denial of certain federal benefits,

and an assessment in the amount of $5,100. The maximum

penalty for Count 10 is imprisonment for a period of 30 years, a

fine of $250,000, a maximum term of supervised release for life,

which shall be served at the conclusion of, and in addition to,

any term of imprisonment, as well as the costs of prosecution,

imprisonment, probation, or supervised release ordered, denial

of certain federal benefits, and an assessment in the amount of

$5,100. At the time the guilty plea is entered, the defendant

shall admit to the Court that the defendant is, in fact, guilty of

the offenses charged in those counts. After sentencing, the

United States will move for dismissal of any remaining counts

of the Superseding Indictment. The defendant agrees, however,

that the United States may, at its sole election, reinstate any

dismissed charges, or seek additional charges, in the event that

2

any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2.  <u>Mandatory Minimum Sentence</u>. Count 1 carries a mandatory minimum period of imprisonment of 10 years. Count 10 carries a mandatory minimum period of imprisonment of 15 years.

3.  <u>Venue Waiver</u>. The defendant agrees to knowingly waive the right to challenge venue over the charged offense in the United States District Court for the Middle District of Pennsylvania.

3

4.  <u>Term of Supervised Release</u>.  The defendant also understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law. Both Counts 1 and 10 carry a mandatory minimum term of five (5) years of supervised release.

5.  <u>Maximum Sentence – Multiple Counts</u>.  The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is, life imprisonment and fines totaling $500,000, a lifetime of supervised release, the costs of prosecution, denial of certain federal benefits and assessments totaling $10,200.

4

6. <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offenses described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. **Fines and Assessments**

7. <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

8. <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571,

5

the maximum fine quoted above may be increased if the Court

finds that any person derived pecuniary gain or suffered

pecuniary loss from the offense and that the maximum fine to

be imposed, if the Court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the

gross loss resulting from the offense.

9.   <u>Inmate Financial Responsibility Program</u>.  If the Court orders a

fine or restitution as part of the defendant's sentence, and the

sentence includes a term of imprisonment, the defendant agrees

to voluntarily enter the United States Bureau of Prisons-

administered program known as the Inmate Financial

Responsibility Program, through which the Bureau of Prisons

will collect up to 50% of the defendant's prison salary, and up to

50% of the balance of the defendant's inmate account, and apply

that amount on the defendant's behalf to the payment of the

outstanding fine and restitution orders.

10.  <u>Special Assessment</u>.  The defendant understands that the Court

will impose a special assessment of $100 for each count,

6

pursuant to the provisions of Title 18, United States Code, §3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

11. If the defendant is convicted of a human trafficking, sex trafficking, or child pornography/child sexual exploitation offense, and if the Court finds the defendant is not indigent, an additional special assessment of $5,000 will be imposed, pursuant to Title 18 U.S.C. § 3014(a).

12. Collection of Financial Obligations. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

7

a.   to fully disclose all assets in which the defendant has an
     interest or over which the defendant has control, directly or
     indirectly, including those held by a spouse, nominee, or
     other third party;

b.   to submit to interviews by the Government regarding the
     defendant's financial status;

c.   to submit a complete, accurate, and truthful financial
     statement, on the form provided by the Government, to the
     United States Attorney's Office no later than 14 days
     following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact
     by and communication with the Government, and to waive
     any prohibition against communication with a represented
     party by the Government regarding the defendant's
     financial status;

e.   to authorize the Government to obtain the defendant's
     credit reports in order to evaluate the defendant's ability to
     satisfy any financial obligations imposed by the Court; and

8

    f.    to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C. <u>Sentencing Guidelines Calculation</u>

13. <u>Determination of Sentencing Guidelines.</u>  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments (the "Sentencing Guidelines"), will apply to the offense or offenses to which the defendant is pleading guilty. The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court.  The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided

9

for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

14. <u>Acceptance of Responsibility–Three Levels</u>.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

15. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows: **For Count 1, the offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, therefore, U.S.S.G. §2G2.1 should be**

10

applied because it results in a greater offense level (U.S.S.G. §2G1.3(c)(1).   For Count 10, under U.S.S.G. §2G2.1(a), the base offense level is 32. Specific Offense Characteristics for Count 10 include: an additional 2 offense levels because the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years (U.S.S.G. 2G2.1(b)(1)(B)); an additional 2 offense levels because the offense involved the commission of a sexual act or sexual contact (U.S.S.G 2G2.1(b)(2)(A));  an additional 2 offense levels because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct. **The total offense level for Count 10 is 38.**  Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct. The parties agree that a sentence within this range of the

11

Sentencing Guidelines is a reasonable sentence under the facts
and circumstances of this case. The defendant understands
that any recommendations are not binding upon either the
Court or the United States Probation Office, which may make
different findings as to the application of the Sentencing
Guidelines to the defendant's conduct. The defendant further
understands that the United States will provide the Court and
the United States Probation Office all information in its
possession that it deems relevant to the application of the
Sentencing Guidelines to the defendant's conduct.

## D. Sentencing Recommendation

16. Appropriate Sentence Recommendation. At the time of
sentencing, the United States may make a recommendation
that it considers appropriate based upon the nature and
circumstances of the case and the defendant's participation in
the offense, and specifically reserves the right to recommend a
sentence up to and including the maximum sentence of

12

imprisonment and fine allowable, together with the cost of prosecution.

17. <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

a.  The defendant be prohibited from possessing a firearm or other dangerous weapon.

b.  The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

c.  The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

13

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.  The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

14

m. The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E. Forfeiture of Assets

18. <u>Forfeiture</u>. The present Superseding Indictment seeks forfeiture of the defendant's interests in certain assets. In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party. Defendant agrees to settle any civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct. The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct. Defendant further agrees to the following:

15

a. Forfeiture of all properties, real and personal listed in the Forfeiture Allegation of the Superseding Indictment;

b. Immediate entry of the preliminary order of forfeiture or the filing of a civil complaint by the United States, pursuant to Title 18, United States Code, § 981;

c. Waiver of the right to personal service of all process and naming of Paul J. Walker, Esq., Paul Walker Law, 204 Wyoming Avenue, Scranton, Pennsylvania 18503, as agent for service of all process;

d. Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

e. The filing and entry of a consent decree of forfeiture;

f. Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

16

g.   Concurrence in any motion necessary to be filed and signing
     any documents necessary to effectuate forfeiture;

h.   Payment of costs associated with the seizure, storage, and
     maintenance of any asset being returned to the defendant
     as a result of this Agreement;

i.   In the event any assets are being returned to the defendant,
     such return does not amount to having "substantially
     prevailed" in the pursuit of any claim, and to make no claim
     against the United States or any of its agencies or
     employees, including claims for attorney's fees and costs of
     litigation;

j.   Waiver of any double jeopardy challenges the defendant
     may have to any administrative or civil forfeiture actions,
     pending or completed, arising out of the course of conduct
     forming the basis for the forfeitures; and

k.   Waiver of all constitutional, legal, and equitable claims
     arising out of and defenses to the forfeiture of this property
     in any proceeding, including any claim of innocent

17

ownership and any claim or defense under the Eighth

Amendment, including any claim of excessive fine.

19. <u>Disclosure of Assets</u>.  This Agreement is entered by the United

States on the basis of the express representation that the

defendant is making full and complete disclosure of all assets

over which the defendant exercises control.  The defendant

agrees to submit to a polygraph examination by an examiner

selected by the Government to verify the defendant's complete

and candid compliance with this provision of the Agreement.

The defendant also understands that a failure to make a full

disclosure or lack of candor revealed by a polygraph

examination would constitute a breach of this Agreement,

subjecting the defendant to the sanctions set forth in this

Agreement.  Conditioned upon such full disclosure, the United

States agrees not to seek the seizure/forfeiture of any of the

defendant's assets other than those set forth in this Agreement.

20. <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth

above, the United States agrees not to seek forfeiture of any

18

other asset known to the United States by defendant's
disclosure to belong to the defendant or the defendant's family.
This Agreement does not prevent the IRS from the collection of
taxes or the seizure of assets to satisfy those taxes.

21. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>.
By this Agreement, the defendant agrees to forfeit all interests
in the assets set forth above and to take whatever steps are
necessary to pass clear title of those assets to the United States.
These steps include but are not limited to surrender of title;
signing of a consent decree; stipulating to facts regarding the
transfer and basis for the forfeitures; and concurrence in any
motion and signing any document necessary to effectuate such
transfers.

22. <u>Destruction Order/Waivers.</u>  The defendant further agrees,
should the United States deem it appropriate, to the destruction
of the items seized during the course of the investigation.  The
defendant agrees that the items may be destroyed by the
investigative agency with or without a court order authorizing

19

the destruction of the items seized.  If the United States
determines that a destruction order should be obtained, the
defendant and defendant's counsel hereby concur in a motion for
such an order.  The defendant further agrees to waive all
interest in the assets in any administrative or judicial forfeiture
proceeding, whether criminal or civil, state or federal.  The
defendant consents and waives all rights to compliance by the
United States with any applicable deadlines under 18 U.S.C. §
983(a).  Any related administrative claim filed by the defendant
is hereby withdrawn.  The defendant agrees to consent to the
entry of orders of forfeiture for such property and waives the
requirements of Federal Rules of Criminal Procedure 32.2 and
43(a) regarding notice of the forfeiture in the charging
instrument, announcement of the forfeiture at sentencing, and
incorporation of forfeiture in the judgment.

F. **Victims' Rights and Restitution**

    23. <u>Victims' Rights</u>.  The defendant understands that pursuant to

        the Victim and Witness Protection Act, the Crime Victims'

        Rights Act, the Justice for All Act, and the regulations

        promulgated under those Acts by the Attorney General of the

        United States, crime victims have the following rights:

        a.   The right to be reasonably protected from the accused;

        b.   The right to reasonable, accurate, and timely notice of any

            public court proceeding or any parole proceeding involving

            the crime, or of any release or escape of the accused;

        c.   The right not to be excluded from any such public court

            proceeding, unless the Court, after receiving clear and

            convincing evidence, determines that testimony by the

            victim would be altered materially if the victim heard other

            testimony at that proceeding;

        d.   The right to be reasonably heard at any public hearing in

            the Court involving release, plea, sentencing, or any parole

            proceeding.  The defendant understands that the victims'

21

comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.  The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g.  The right to proceedings free from unreasonable delay; and

22

h.   The right to be treated with fairness and with respect for the victim's dignity and privacy.

24. Restitution.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct.  The defendant also agrees that the Government will seek and the Court may impose an order of restitution as to victims of the defendant's relevant conduct.  With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the Court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments.  In addition to the schedule of payments that may be

23

established by the Court, the defendant understands and agrees

that, pursuant to the Mandatory Victims Restitution Act of

1996 and the Justice For All Act of 2004, victims of federal

crimes are entitled to full and timely restitution.  As such, these

payments do not preclude the Government from using other

assets or income of the defendant to satisfy the restitution

obligation.  The defendant understands and agrees that the

United States Attorney's Office, by and through the Financial

Litigation Unit, has the obligation and the right to pursue any

legal means, including but not limited to, submission of the debt

to the Treasury Offset Program, to collect the full amount of

restitution owed to the victims in a timely fashion.  Although

the defendant may reserve the right to contest the amount of

restitution owed, the defendant agrees to take all steps to

facilitate collection of all restitution, including submitting to

debtor's exams as directed by the Government.  Towards this

goal, the defendant agrees to waive any further notice of

forfeiture and agrees that the United States may, at its sole

24

election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter.  The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case.  The parties agree that the Government will recommend, but cannot guarantee, that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case.  The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation.  The defendant understands that the amount of restitution

25

calculated for purposes of Chapter 5 of the Sentencing

Guidelines might be different from the amount of loss calculated

for purposes of Chapter 2 of the Sentencing Guidelines.

25. <u>Restitution for Child Pornography Cases</u>.  The defendant agrees

to allow the court to determine the appropriate restitution

based on Title 18, United States Code, § 2259, for identifiable

victims in the images of child pornography.

26. <u>Restitution for Identifiable Child Pornography Victims.</u>  The

defendant agrees to pay restitution equal to the loss caused to

any identifiable victim of the offense of conviction, including any

relevant conduct, pursuant to any applicable statute, including

18 U.S.C. § 2259. The defendant further agrees to pay

restitution equal to the loss caused to any identifiable victim of

the defendant's uncharged or dismissed conduct pursuant to 18

U.S.C. §§ 3663(a)(3) and 3663A. The defendant's uncharged or

dismissed conduct for purposes of determining and ordering

restitution includes the production, possession, receipt, and

distribution of visual depictions of minors engaged in sexually

26

explicit conduct, including the defendant's conduct in Counts 11 through 17 that will be dismissed at sentencing, and any uncharged production, possession, receipt, and distribution of visual depictions of minors engaged in sexually explicit conduct.

## G. Information Provided to Court and Probation Office

27. Background Information for Probation Office.  The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

28. Objections to Pre-Sentence Report.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing

27

Guidelines ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

29. <u>Relevant Sentencing Information</u>. At sentencing, the United States will be permitted to bring to the Court's attention, and

the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

30. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

29

## H.  Court Not Bound by Plea Agreement

31. <u>Court Not Bound by Terms</u>.  The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of life imprisonment, a fine of $500,000, a maximum term of supervised release of up to life, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $10,200.

32. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline to follow any recommendations by any of the parties to this Agreement.

## I.   Breach of Plea Agreement by Defendant

33. Breach of Agreement.  In the event the United States believes
the defendant has failed to fulfill any obligation under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the Court to be relieved of its
obligations under this Agreement.  Whether the defendant has
completely fulfilled all of the obligations under this Agreement
shall be determined by the Court in an appropriate proceeding,
during which any disclosures and documents provided by the
defendant shall be admissible, and during which the United
States shall be required to establish any breach by a
preponderance of the evidence.  In order to establish any breach
by the defendant, the United States is entitled to rely on
statements and evidence given by the defendant during the
cooperation phase of this Agreement, if any.

34. Remedies for Breach.  The defendant and the United States
agree that in the event the Court concludes that the defendant
has breached the Agreement:

31

a.   The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b.   The United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.   Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

32

35. <u>Violation of Law While Plea or Sentence Pending</u>.  The
defendant understands that it is a condition of this Agreement
that the defendant refrain from any further violations of state,
local, or federal law while awaiting plea and sentencing.  The
defendant acknowledges and agrees that if the Government
receives information that the defendant has committed new
crimes while awaiting plea or sentencing in this case, the
Government may petition the Court and, if the Court finds by a
preponderance of the evidence that the defendant has
committed any other criminal offense while awaiting plea or
sentencing, the Government shall be free at its sole election to
either:  (a) withdraw from this Agreement; or (b) make any
sentencing recommendations to the Court that it deems
appropriate.  The defendant further understands and agrees
that, if the Court finds that the defendant has committed any
other offense while awaiting plea or sentencing, the defendant
will not be permitted to withdraw any guilty pleas tendered
pursuant to this Agreement, and the government will be

33

permitted to bring any additional charges that it may have
against the defendant.

## J.  Registration , Civil Commitment & Transfer of Information in Child Pornography/ Sex Crimes Cases

36. Sex Offender Registration (Megan's Law/Adam Walsh Act)

Notice.  The defendant understands that the Court, as a
condition of supervised release or probation, must order the
defendant to comply with all sex offender registration
requirements under the Sex Offender Registration and
Notification Act and that, if applicable, defendant must register
and keep registration current and accurate in each of the
following jurisdictions:  the location of residence; the location of
employment; and the location of any school that defendant is
attending.  The defendant understands that such information
must be updated no later than three business days after any
change.  A failure to comply with these and other obligations
may subject the defendant to prosecution under federal law.
The defendant acknowledges that one possible consequence of a

34

guilty plea is that the Court may determine, after the completion of a sentence, that the defendant is a sexually dangerous offender and may commit the defendant to a medical facility for treatment.

37. <u>Civil Commitment as Sexually Dangerous Person</u>.  The defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, the defendant faces potential civil commitment as a sexually dangerous person, following the expiration of the defendant's term of imprisonment.  The defendant understands that potential civil commitment would be the subject of a separate proceeding.  The defendant further understands that no one, including the defendant's attorney or the Court, can predict with certainty the effect of the defendant's conviction on such a civil commitment determination.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any potential civil commitment consequences that the defendant's plea may entail,

35

even if the consequence is indefinite civil commitment following

the expiration of the defendant's term of imprisonment.

38. <u>Transfer of Case for Child Custody Determinations</u>.  The

defendant agrees to interpose no objection to the Government's

transferring evidence or providing information concerning the

defendant or this offense to other state or local authorities or

agencies for purpose of child custody proceedings relating to the

defendant.

## K.  **Licensing, Resignation, and Disbarment**

39. <u>Status of Professional License</u>.  It is further understood and

agreed that the status of any professional license held by the

defendant is not protected by this Agreement and is a matter

solely within the discretion of the appropriate licensing

authority.  The United States may in its discretion provide to

any such licensing authority any documents and information in

its possession.

36

## L.  **Appeal Waiver**

40.  <u>Appeal Waiver – Direct</u>.  The defendant is aware that Title 28,
United States Code, § 1291 affords a defendant the right to
appeal a judgment of conviction and sentence; and that Title 18,
United States Code, § 3742(a) affords a defendant the right to
appeal the sentence imposed.  Acknowledging all of this, the
defendant knowingly waives the right to appeal the conviction
and sentence.  This waiver includes any and all possible
grounds for appeal, whether constitutional or non-
constitutional, including, but not limited to, the manner in
which that sentence was determined in light of *United States v.
Booker*, 543 U.S. 220 (2005).  The defendant further
acknowledges that this appeal waiver is binding only upon the
defendant and that the United States retains its right to appeal
in this case.

41.  <u>Collateral Appeal Waiver.</u>  The defendant acknowledges,
understands and agrees that, by pleading guilty pursuant to
this Agreement, the defendant voluntarily and knowingly

37

waives the right to collaterally attack the defendant's

conviction, sentence, or any other matter relating to this

prosecution, including but not limited to a motion to vacate

judgment under Title 28, United States Code, Section 2255; a

petition for a writ of habeas corpus under Title 28, United

States Code, Section 2241; or any other motion or writ seeking

collateral relief. However, no provision of this agreement shall

preclude the defendant from pursuing in an appropriate forum

any appeal, collateral attack, writ, or motion claiming that the

defendant received constitutionally ineffective assistance of

counsel. In the event the defendant raises a claim of ineffective

assistance of counsel, the defendant hereby agrees (a) that the

Government retains its right to oppose any such claim on

procedural or substantive grounds; and (b) that counsel for the

United States may confer with any of the defendant's prior

counsel whose performance is attacked in such a claim, for

purposes of preparing any response or for any hearing

necessitated by the filing of such a claim.

38

42. <u>Appeal Waiver Breach.</u>  The defendant acknowledges that

pursuing a direct appeal or any collateral attack waived in the

preceding paragraph(s) may constitute a breach of this

Agreement. The Government agrees that the mere filing of a

notice of appeal is not a breach of the Agreement. The

Government may declare a breach only after the defendant or

the defendant's counsel thereafter states, either orally or in

writing, a determination to proceed with an appeal or collateral

attack raising an issue the Government deems barred by the

waiver.  The parties acknowledge that the pursuit of an appeal

or any collateral attack constitutes a breach only if a court

determines that the appeal or collateral attack does not present

an issue that a judge may reasonably conclude is permitted by

an exception to the waiver stated in the preceding paragraph(s)

or constitutes a "miscarriage of justice" as that term is defined

in applicable law.

## M. **Other Provisions**

43. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this
    Agreement shall bind any other United States Attorney's Office,
    state prosecutor's office, or federal, state or local law
    enforcement agency.

44. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or
    initiate any civil claims or suits against the United States of
    America, its agencies or employees, whether or not presently
    known to the defendant, arising out of the investigation,
    prosecution or cooperation, if any, covered by this Agreement,
    including but not limited to any claims for attorney's fees and
    other litigation expenses arising out of the investigation and
    prosecution of this matter.  By the defendant's guilty plea in
    this matter the defendant further acknowledges that the
    Government's position in this litigation was taken in good faith,
    had a substantial basis in law and fact and was not vexatious.

45. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is
    entering this Agreement with the defendant because this

disposition of the matter fairly and adequately addresses the
gravity of the offenses from which the charges are drawn, as
well as the defendant's role in such offenses, thereby serving the
ends of justice.

46. <u>Merger of All Prior Negotiations</u>. This document states the
complete and only Agreement between the United States
Attorney for the Middle District of Pennsylvania and the
defendant in this case and is binding only on the parties to this
Agreement and supersedes all prior understandings or plea
offers, whether written or oral. This agreement cannot be
modified other than in writing that is signed by all parties or on
the record in court. No other promises or inducements have
been or will be made to the defendant in connection with this
case, nor have any predictions or threats been made in
connection with this plea. Pursuant to Rule 11 of the Federal
Rules of Criminal Procedure, the defendant certifies that the
defendant's plea is knowing and voluntary and is not the result

41

of force or threats or promises apart from those promises set
forth in this Agreement.

47. Defendant is Satisfied with Assistance of Counsel. The
Defendant agrees that the defendant has discussed this case
and this Agreement in detail with the defendant's attorney, who
has advised the defendant of the defendant's Constitutional and
other trial and appellate rights, the nature of the charges, the
elements of the offenses the United States would have to prove
at trial, the evidence the United States would present at such
trial, possible defenses, the advisory Sentencing Guidelines and
other aspects of sentencing, potential losses of civil rights and
privileges, and other potential consequences of pleading guilty
in this case. The defendant agrees that the defendant is
satisfied with the legal services and advice provided to the
defendant by the defendant's attorney.

48. Deadline for Acceptance of Plea Agreement. The original of this
Agreement must be signed by the defendant and defense
counsel and received by the United States Attorney's Office on

42

or before 12:00 p.m., January 12, 2022, otherwise the offer may,

in the sole discretion of the Government, be deemed withdrawn.

49. <u>Required Signatures</u>.  None of the terms of this Agreement shall

be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

01-10-2022
Date

CHRISTOPHER CAPOZZA
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

1-10-2/22
Date

PAUL J. WALKER, ESQ.
Counsel for Defendant

JOHN C. GURGANUS
United States Attorney

1/11/2022
Date

By: _____

JAMES M. BUCHANAN
Assistant United States Attorney

AUSA/JMB/2021R0014/
VERSION DATE:  March 8, 2021

44